**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| NATHANIEL EUGENE FLENNORY,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDY BOGGS, et al.,<br><br>*Defendants*. | ) | No. 2:26-cv-00031-JMD |

**<u>MEMORANDUM AND ORDER</u>**

Pretrial detainee Nathaniel Flennory brings this action under 42 U.S.C. § 1983 to challenge his confinement in allegedly unsanitary jail facilities. He also claims that jail staff denied his attempts to access its internal grievance process. ECF 9 at 6–8. He seeks $250,000 from each defendant in ordinary compensation plus $50,000 from each defendant in punitive damages. *Id.* at 10. Flennory moved to proceed *in forma pauperis*, ECF 16, so the Court must screen his complaint for frivolity, maliciousness, and failure to state a claim. 28 U.S.C. § 1915(e)(2). The Court accepts Flennory's well-pleaded facts as true and liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But Flennory's complaint fails because his conditions of confinement were not severe enough to violate the Constitution. And he has no independent constitutional right to the jail grievance process. The Court dismisses his complaint and denies his *in forma pauperis* motion as moot.

**Facts**

According to Flennory's complaint, staff placed him in a cell with food, hair, and blood on the floor on March 17, 2026. ECF 9 at 6. They moved him that same day to a second cell with food, hair, and feces on the toilet, wall, and floor. *Id.* Flennory states he remained there "for 3 days." *Id.* at 7. Flennory adds that throughout his confinement, the showers had mold,

food, and hair in them. *Id.* He asked staff several times to clean the facilities or give him the supplies to do so, but they refused. *Id.* at 6–7. And he filed multiple internal grievances about these conditions without receiving a response. *Id.* at 8.

**Analysis**

The Court examines the constitutionality of Flennory's conditions of confinement as a claim under the Due Process Clause of the Fourteenth Amendment. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (noting that pretrial detainees are entitled to "at least as great protection as that afforded to convicted prisoners under the Eighth Amendment" (cleaned up)).

Flennory's petition fails to state a claim because his conditions of confinement did not violate his constitutional rights. And he suffered no constitutional injury from the jail staff's delayed response to his internal grievance filings. Dismissal under § 1915 is "proper" where the petition "lacks an arguable basis in either law or in fact." *Robbins v. Clarke*, 946 F.2d 1331, 1333 (8th Cir. 1991) (citation omitted). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2) (emphasis added). The Court would ordinarily rule on Flennory's *in forma pauperis* motion first. But exercising its "sound discretion" under § 1915 to dismiss the case at any time, *see Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), the Court instead dismisses the complaint.

**I.**

Flennory has not pleaded sufficient facts for his complaint to survive. To establish that his conditions of confinement violated the Constitution, Flennory must do much more than complain about unsanitary conditions. "The Eight Circuit Court of Appeals has

consistently found that the Eighth Amendment is not violated when prisoners or pretrial detainees are temporarily subjected to unsanitary conditions." *Bargo v. Hobbs*, No. 5:14-cv-00393 KGB-JTK, 2017 WL 763923, at *1 (E.D. Ark. Feb. 27, 2017). Instead, Flennory must establish that "(1) the condition was serious enough to deprive [him] of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to . . . [his] health and safety." *Frye v. Pettis Cnty. Sheriff Dep't*, 41 F. App'x 906, 907 (8th Cir. 2002) (per curiam) (citing *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001)). Flennory's complaint fails on both elements.

**1.** Mere exposure to unclean facilities for a short time does not violate the Constitution. The Eighth Circuit has made clear that suboptimal conditions for short periods of time are constitutional. *See Kemp v. Black Hawk Cnty. Jail*, No. C15-2094-LRR, 2017 WL 581316, at *10 (N.D. Iowa Feb. 13, 2017) (collecting cases). Critical to this analysis is "the length of time a prisoner is subjected to harsh conditions . . . ." *Smith*, 87 F.3d at 269; *id.* ("Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months."). A few days is not enough. *See id.* at 268–69 (noting no constitutional violation where pretrial detainee was subjected to overflowed toilet for four days); *Williams v. Delo*, 49 F.3d 442, 444–47 (8th Cir. 1995) (depriving an inmate of clothes, running water, hygiene products, and bedding for four days was not a constitutional violation). Flennory's allegation that the staff "never bring stuff to clean" the "mold, food, [and] hair" in the showers, ECF 9 at 7, falls well short of the loss of the "minimal civilized measure of life's necessities" needed to plead a cognizable claim, *Smith*, 87 F.3d at 268.

**2.** Flennory also fails to overcome the second element. An inmate must show that jail staff were deliberately indifferent to the risk of harm arising from the unsanitary condition.

*See Burton v. Armontrout*, 975 F.2d 543, 546 (8th Cir.1992). Flennory makes no sufficient assertion that any defendant knew of the continuing conditions he alleged and deliberately disregarded those problems.

**II.**

Flennory suffered no injury from the internal grievance process. Prisoners have no constitutional right to intra-prison grievance systems, and a failure to investigate or respond to a prisoner's grievance is not actionable under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). "[A] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Id.* (citation omitted). The jail staff's failure to act on Flennory's grievances in a timely manner is not alone a constitutional violation.

**Conclusion**

The Court **DISMISSES** Flennory's suit. The Court also **DENIES** as moot Flennory's motion for leave to proceed *in forma pauperis*, ECF 16. A separate order of dismissal shall accompany this memorandum and order.

Dated this 31st day of August 2026.

Joshua Divine

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI